**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 25-CR-20443-KMM**

UNITED STATES OF AMERICA

     Plaintiff,

v.

RYAN CLIFFORD GOLDBERG and
KEVIN TYLER MARTIN,

     Defendants.

_____

**DEFENDANT KEVIN MARTIN'S UNOPPOSED MOTION TO CONTINUE**
**<u>RESTITUTION HEARING</u>**

Defendant Kevin Martin, through undersigned counsel, respectfully moves this Court for a continuance of the restitution hearing currently set for July 9, 2026, and requests that the Court reset the hearing for a date in September 2026, or for the next date thereafter convenient for the Court. The Government and co-defendant Ryan Goldberg do not oppose this motion.

**I.      Relief Requested**

Mr. Martin respectfully asks the Court to continue the restitution hearing to a date in September 2026. Good cause exists because the Government is only now producing restitution affidavits and supporting materials, Defense counsel has not had a meaningful opportunity to review, evaluate, investigate, or respond to those submissions, and related sentencing proceedings in *United States v. Angelo Martino*, currently set for July 9, 2026, are expected to bear directly on the restitution issues in Mr. Martin's case.

## Background

1. Mr. Martin is before the Court for sentencing-related proceedings, including the determination of restitution.

2. The restitution hearing is presently scheduled for July 9, 2026.

3. The Government has advised Defense counsel that it is still working on obtaining and producing restitution affidavits and related materials. Because production of those materials is pending, Mr. Martin has not reviewed the affidavits, evaluate the claimed losses, assess causation and apportionment issues, determine whether additional documentation is needed, or prepare any necessary objections or evidentiary presentation.

4. In addition, the sentencing of Angelo Martino is currently set for July 9, 2026. Facts developed at or in connection with Mr. Martino's sentencing may affect restitution issues in Mr. Martin's case, including the nature, scope, and allocation of any alleged victim losses.

5. At Mr. Martin's sentencing hearing, defense counsel Tor Ekeland advised the Court that he had travel commitments in July and August. The Court acknowledged counsel's availability issue and indicated that it would entertain a continuance of the restitution hearing if necessary.

6. Undersigned counsel has conferred with Assistant United States Attorney Thomas Haggerty, as well as counsel for co-defendant Ryan Goldberg, who  both advised that they do not oppose this continuance request.

### II.      Good Cause Supports a Continuance

7. A continuance is warranted to ensure that Mr. Martin has a fair opportunity to review and respond to the Government's restitution submissions. Restitution is a fact-intensive determination. Under 18 U.S.C. § 3664(e), disputes concerning the amount or type of restitution

must be resolved by a preponderance of the evidence, and the Government bears the burden of demonstrating the amount of loss sustained by a victim as a result of the offense.

8. Where the Government is producing restitution affidavits only now, proceeding on the current schedule would risk requiring the defense to litigate restitution without adequate time to evaluate the materials, test the claimed losses, determine whether the claims are properly supported, and assess whether the claimed losses are causally connected to Mr. Martin's offense conduct.

9. A continuance will also promote judicial efficiency. Mr. Martino's sentencing is set for July 9, 2026, and facts addressed during that proceeding are expected to bear on restitution issues in Mr. Martin's case. Continuing Mr. Martin's restitution hearing until September will allow the parties and the Court to address restitution with the benefit of a fuller factual record.

## Argument

### I.     The Requested September Setting Is Consistent with the Restitution Statute

10. Section 3664(d)(5) provides that, if victim losses are not ascertainable ten days before sentencing, the Court shall set a date for final determination of the losses "not to exceed 90 days after sentencing." 18 U.S.C. § 3664(d)(5).

11. The Supreme Court has held that this 90-day provision does not deprive a sentencing court of power to order restitution after the 90-day period, at least where the court made clear before the deadline expired that restitution would be ordered and left open only the amount. *See Dolan v. United States*, 560 U.S. 605 (2010).

12. Here, the requested continuance is consistent with the statutory framework because the Court has already preserved restitution for later determination, and the continuance is sought for

good cause: the Government is only now producing restitution affidavits, the defense requires a meaningful opportunity to evaluate them, and related sentencing facts in Mr. Martino's case are expected to affect the restitution record in Mr. Martin's case.

13. To the extent the requested September date falls outside the 90-day period calculated from Mr. Martin's sentencing, the requested continuance is still permissible under *Dolan* so long as the Court has made clear that restitution remains to be determined and only the final amount of restitution is left open. The defense therefore respectfully requests that the Court reset the restitution hearing for a date in September 2026, or for the first available date thereafter that is convenient for the Court and consistent with its restitution findings and scheduling authority.

## Requested Order

For the foregoing reasons, Mr. Martin respectfully requests that the Court enter an order:

1. Continuing the restitution hearing currently set for July 9, 2026;

2. Resetting the restitution hearing for a date in September 2026, or for the next available date thereafter convenient for the Court; and

3. Granting any further relief the Court deems just and proper.

Dated: June 29, 2026
New York, NY

Submitted,

/s/ William Aaron Daniel
William Aaron Daniel (FL Bar No. 99739)
Asymmetric Legal
11900 Biscayne Blvd., Suite 400
Miami, FL
t:  (305) 979 - 9296
f:  (718) 504 - 5417
aaron@asymmetric.legal

*Designated Local Counsel for Defendant Kevin Martin*

/s/ Tor Ekeland
Tor Ekeland (NYS Bar No. 4493631)
Tor Ekeland Law, PLLC
30 Wall St., 8th Floor
New York, NY
10005
t:  (718) 737 - 7264
tor@torekeland.com

*Pro Hac Vice Counsel for Defendant Kevin Martin*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 25-CR-20443**

UNITED STATES OF AMERICA

     Plaintiff,

v.

RYAN CLIFFORD GOLDBERG and
KEVIN TYLER MARTIN,
     Defendants.

_____/

**<u>CERTIFICATION OF CONFERRAL</u>**

Undersigned counsel certifies that Defense counsel conferred with Assistant United States Attorney and counsel for co-defendant Ryan Goldberg regarding the relief requested in this motion. Neither oppose the requested continuance.

Dated: June 26, 2026
New York, NY

Submitted,


/s/ William Aaron Daniel
William Aaron Daniel (FL Bar No. 99739)
Asymmetric Legal
11900 Biscayne Blvd., Suite 400
Miami, FL
t:  (305) 979 - 9296
f:  (718) 504 - 5417
aaron@asymmetric.legal

*Designated Local Counsel for Defendant Kevin Martin*


/s/ Tor Ekeland
Tor Ekeland (NYS Bar No. 4493631)
Tor Ekeland Law, PLLC
30 Wall St., 8th Floor
New York, NY
10005
t:  (718) 737 - 7264
tor@torekeland.com

*Pro Hac Vice Counsel for Defendant Kevin Martin*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 25-CR-20443**

UNITED STATES OF AMERICA

     Plaintiff,

v.

RYAN CLIFFORD GOLDBERG and
KEVIN TYLER MARTIN,
     Defendants.

_____/

**<u>CERTIFICATION OF SERVICE</u>**

I hereby certify that on this 29th day of June, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

Submitted,

/s/ William Aaron Daniel
William Aaron Daniel (FL Bar No. 99739)
Asymmetric Legal
11900 Biscayne Blvd., Suite 400
Miami, FL
t:  (305) 979 - 9296
f:  (718) 504 - 5417
aaron@asymmetric.legal

*Designated Local Counsel for Defendant Kevin Martin*

/s/ Tor Ekeland
Tor Ekeland (NYS Bar No. 4493631)
Tor Ekeland Law, PLLC
30 Wall St., 8th Floor
New York, NY
10005
t:  (718) 737 - 7264
tor@torekeland.com

*Pro Hac Vice Counsel for Defendant Kevin Martin*